All right, welcome everybody to this special edition of the 11th circuit sitting in Miami. I'm happy to have judges Marcus and Middlebrooks with me for this return engagement. We have just one case this afternoon, Bastias v. U.S. Attorney General, number 21-11416. Mr. Zimmer, it looks like you've reserved three minutes for rebuttal, very well. And you guys, you'll understand, you've been here before, you understand kind of the rules of the road. Traffic light system, green go, yellow slow, red stop, please. We're not going to cut you off in the middle of the sentence, but please do wind up your remarks when you see the red light. And please know as well that we have read the materials from stem to stern, so don't waste your own time with a bunch of factual and procedural ramp up. This is a complicated case, so let's just get to it. All right, and with that, Mr. Zimmer, whenever you're ready. Thank you very much, Your Honor, and good afternoon. As you know, the statute in this case imposes particularly severe immigration consequences for non-citizens convicted of three specific crimes, abuse, neglect, and abandonment. And as we explained in our briefs, the Supreme Court and this court have repeatedly looked to the scope of contemporary state criminal codes in interpreting a generic federal offense like this one. Can I ask you a question before we get into the nitty gritty of the statutes? What do we do with the corollary, if you will, in Loper Bright about statutory stare decisis, and how does that interact with our own prior panel precedent rule? I'm not really sure if the Supreme Court understood itself to be addressing that. That's like the federal common law of the 11th circuit or something. We have this prior precedent rule. What do we do with that? Right, I mean, I think the short answer is I don't think it really does much in this case because what the Supreme Court said is that prior holdings, that specific agency action is lawful, are entitled to something, sort of statutory stare decisis. The specific agency action at issue in Pierre was the holding that Florida's sort of unusual bodily fluids statute was a removable offense. Well, I would have thought when, because I think you're right, that Loper Bright does say the holdings of those cases that specific agency actions are lawful. I guess I would have thought that the specific agency action might also be described as just the interpretation of the statute. Well, but I don't think that Pierre really does much to interpret the statute beyond saying that the specific agency action is lawful in the sense that all of the lead up to that was just that the statute's ambiguous and the board's interpretation was reasonable. And Pierre specifically left open the question of whether statutes like this that have a mens rea of negligence are removable offenses. And in answering that question, I don't think you would go back to Chevron. I mean, that would make no sense after Loper Bright, right? I don't think there's any argument that Pierre resolved the interpretive question here about statutes with criminal negligence because it specifically left that question open. And so I think it's before the court today to answer that question. And in answering that question that this court has explicitly not resolved, I think it has to apply the Loper Bright framework and come to its own best reading of the statute. I think that to the extent Pierre is still binding for anything, it is really limited to just the holding that that specific Florida statute is a removable offense. And again, this case involves a different Florida statute with different elements. So I think I understand that, but it just seems like part of Pierre is an acknowledgment, a blessing of a particular interpretation of the INA of 1227 dot, dot, dot, dot, dot. And why isn't that, why wasn't that necessary to the holding in Pierre in a way that still binds us under prior panel precedent rule and this weird thing in Loper Bright, the statutory stare decisis thing? Well, because all the stuff that came up to it was just all Pierre decided, right? It was that the statute was ambiguous and that the agency's decision was reasonable. Those determinations are irrelevant now. They're not, they're not, I mean, even under this court prior putting aside, you know, even under the prior panel precedent rule, fine. I mean, I'll accept that the statute's ambiguous and that the agency's decision may be reasonable, if not the best interpretation of the statute, but that's doesn't do anything to answer the here, which is to answer an open question under Loper Bright, the court has to find out now, not has to decide not only what a reasonable interpretation was, but the correct, the best reading of the statute. And I certainly don't think, you know, that under that approach, basically any statute that this court had applied Chevron to is sort of, there's sort of this legacy Chevron framework attached to it, which would, which would both, I think is not what Loper Bright held, but would also be honestly very confusing as to try to figure out exactly how that would work. And yeah, it would be a very weird situation. It would require us. I think if, if I understand the prior panel precedent rule basically says we're stuck with the prior panel precedent, unless it's been effectively abrogated by the Supreme court or us sitting in bank. And so maybe it would require us to like in bank every sort of Chevron case that predated Loper Bright. It is weird. I agree. But that can't be what Loper, I mean, I don't think that's what says, right. I mean, I think that, that, that, you know, to the extent there were randomly some case that caused the court to ask, is the statute ambiguous? And what does the board's decision reasonable? Fine. You know, maybe Pierre answers those questions, but under Loper Bright, those just aren't the questions, right? Like the question is what is the best reading of the statute? And does that reading encompass state statutes that have a mens rea of negligence and that don't require harm to a child? And Pierre didn't answer that question. And so I think in answering that question, the court has to apply a Loper Bright best, uh, best interpretation approach. I don't really don't see anything in either the prior panel precedent rule or Loper Bright that would, would require some sort of legacy Chevron type analysis, uh, analysis here. Can I ask me, can I ask one more Chevron? I promise we can talk about the statute, but so if the prior panel precedent rule says that we're stuck with three judge panel opinions, absent abrogation by the Supreme court or an unbanked decision, is it your position that there has been abrogation? And if so, like what is the abrogated decision? And if so, there may be your position is, I don't know, forget about all that. They're simply not a holding to begin with. That's, that is our position. I mean, I think there is even an argument and I don't, that Pierre isn't binding even as to that statute. I think that's a much harder argument. It's one that isn't before the court today. Um, but our argument is that there is no holding relevant here. Pierre left the question about this type of statute open, uh, as to whether this type of statute is a removable offense. And in answering that question, Pierre is sort of Chevron stuff just doesn't matter anymore. And so, so I think there may be a question about that statute, but I just don't think there is a holding of this court. Right. So let's assume for the purposes of my question that we're really writing on a blank slate. We're not bound by any prior precedent. And among the things we have to do is discern the meaning and the mens rea associated with a 27.03 and ask what the least culpable conduct would be that's captured under that statute. That's the problem. We all agree, right? Well, yes. And what, well, that's the, that's the Florida statute. I'm just talking about the Florida statute. That's where I'm looking for help. Sure. Bear with me. Yeah, of course. When you look at the Florida cases, it's clear. One is best. I can tell the Supreme court of Florida has not addressed this question of the appropriate mens rea for eight to 7.03. So if you find to find an answer, you really have to look to the DCAs. And there are a bunch of cases as best I can tell. Many of them say, and they're kind of mushy and they're all over the rainbow when you look hard at them, but in the main, many of them suggest that criminal negligence with culpable negligence is enough. You don't need recklessness. The mens rea is of a lower character than what may be required under the federal law. But there seems to be some case law from the DCAs suggesting that recklessness is the appropriate standard. What is the appropriate standard in Florida? I mean, I think what is the least culpable conduct for purposes of mens rea? I think it's respectfully, and I think it's pretty clear that it's criminal negligence in the sense that it looks to what a reasonable person would have known, not to what the defendant did know. And I actually think the cases are pretty clear about that. And I don't even take the government to disagree. And if you look at the jury instructions as to how juries are instructed in Florida, it specifically includes a reasonably should have known language. It's in the way every jury is instructed in Florida for what culpable negligence means. So I actually don't take that to be a dispute. I mean, maybe the government will disagree with me, but I don't take that to be a disputed point. I mean, I think it is certainly a high form of criminal negligence, but it clearly is criminal negligence in the sense that it looks to what the defendant should have known, what a reasonable person would have known, rather than what the defendant did know. And that's really the difference between criminal negligence and recidivism. There's a case out there, I'm going to cite it to you, from the fifth DCA decided in 06, Dennis and Mary Hill versus the state of Florida. And in it, the court writes, and it's not on all fours factually, because there's some manslaughter stuff in there too. But the DCA says, and I just want to quote it to you, proof for this crime, referring to 827.03, requires the state to establish a high degree of culpability on the part of the defendant, equivalent to the kind of blunt and reckless behavior necessary to prove manslaughter or punitive damages. And then it cites two DCA cases from the second DCA, where they say a lot of things, but they say criminal negligence is enough and it doesn't require recklessness. But here's one that says what I read to you. I'm not sure I'm aware of the case, but I think the more important point is that what you read specifically says the standard necessary to prove punitive damages or homicide, which is negligence, which is criminal negligence. So I think that use of the word reckless there, respectfully, I think it's just a little bit sloppy. You think the law is clear in Florida? Clear, crystal clear. And I'd encourage you to- Criminal negligence is enough. The mens rea is beneath the mens rea. For recklessness, that's different from the federal statute. QED, there isn't a match and you're entitled to relief. Correct. That is our argument. And look at the jury instructions. It specifically says what a reasonable person should have known. I am looking at that instruction and I don't under- Culpable negligence is a course of conduct showing reckless disregard for human life or for the safety of persons exposed to its dangerous effects or such an entire want of care as to what raise a presumption of conscious indifference. It goes on to say it's the equivalent to an intentional violation of such rights. That's at least recklessness. If you go on to the end, I mean, maybe I was looking at a different instruction, but it says about they knew or reasonably should have known if I'm not mistaken. Well, there are two culpable negligence and there is one that says culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known or reasonably should have known was likely to cause death or great bodily harm. That's right. Respectfully, it's not, Your Honor, because the reasonably should have known is what, in fact, exactly what distinguishes criminal negligence from recklessness. Recklessness. I mean, we sort of we cite the treaties for this in our in our brief that recklessness requires proof that the defendant actually did know of the risk and consciously disregarded it, whereas reasonably should have known is is is criminal negligence. And I think that's what the case is. All the Florida cases support that. So I think that's really what the the what the difference is that the Florida law. I really see my time's up, but the Florida law doesn't require that the prosecution prove that the defendant actually did know of the risk, just that the defendant should have known of the risk very well. You've got your full three minutes of rebuttal time coming to you, Mr. Pennington. Let's hear from you. Thank you, Judge Newsome. And good afternoon. Greg Pennington, back for the attorney general, asking the court to hold that a conviction for child neglect is a crime of child neglect. So I'll start by addressing Pierre, because that was on the court's mind. And Loper Bright made clear, and this was Chief Justice Roberts with five other justices who didn't take any issue with it, said that it's holding was prospective. Nothing was going to appeal to overturn decades of precedent relying on Chevron, including Chevron itself. So, Pierre, under the prior panel rule, the Supreme Court needs to either explicitly or implicitly abrogate prior precedent. There was nothing implicit or explicit in Loper Bright. To the contrary, it explicitly held that prior precedent was going to stand. Does that does that mean then that we have to embank every pre Chevron case if we want to fix it? If we like, if we think Mr. Zimmer's right on balls and strikes, but we think we're stuck with Pierre. And my suspicion is that this will not be the only case in which we might find ourselves in that conundrum. We have to embank every one of those. No, you just rely on the prior precedent, regardless of whether I'm saying if we think that the prior panel, the prior precedent might be wrong. Like if we think that on a de novo review calling balls and strikes, maybe Mr. Zimmer's client is entitled to win here, but we think we're stuck with Pierre. And I suspect that this won't be the only case in which we will have that weird disjunction because we've been stuck with Chevron for so long that we might have other cases in which we think on balls and strikes, the de novo review, the other side ought to win. But so I think what you're saying is we've got to embank every single one of those cases, even if they're just kind of like one off, otherwise not in bankable cases. But we've got to embank all those to fix the precedent. That does sound onerous, the way you put it. But otherwise, I think that Loper Bright would have made clear that that wouldn't be required. And yeah, I mean, so here, I think that the Supreme, I mean, this is in some ways, the Supreme Court just like externalizing the costs of its own decision making, because it only has so much statutory stare decisis to deal with. We've got a million times the caseload that they do. And so the burden is really much higher on us. And I don't know, I'm not really sure you're wrong. It just seems a little weird that we would have to embank every single case to fix the precedent. I understand. But Pierre itself did hold not just a specific agency action regarding a Florida statute. That's why it becomes statutory stare decisis. It was upholding the board's interpretation of the statute to include, in that case, knowing conduct that had a substantial risk of harm. Your point is that the holding of Pierre is not just limited to the Florida statute at issue there. The holding is sort of two parts. It's one, the interpretation of the federal statute, and two, the application of that statute to the Florida statute that was at issue in Pierre. Correct, because that's what the categorical approach requires. It requires the court to ascertain the generic federal definition if one's not provided in the statute. Right. But can they speak beyond any case than the statute that came before them? And to the extent they are, wouldn't that be dictative? Does Pierre go beyond holding in context about the particular statute that arose there? And if that statute is different from this one, does that bind me? I would say yes, because Pierre was looking to two different statutes, the federal ground of... But it wasn't looking to 827.03. It was not. So I would say that there's two holdings of Pierre that are subject to stare decisis. One, the interpretation of the federal ground of removability. What is a conviction or a crime of child abuse, child neglect, or child abandonment? And two, that this particular Florida statute categorically fit within that interpretation. Pierre wouldn't answer the mens rea question that he's raising then, would it? No, but it did answer the second half, whether a substantial risk of harm can be included in this generic federal definition. So yes, I agree. Really all we're deciding here is whether criminal negligence is sufficient to fit into the federal ground of removability. And you say, apply that definition to this statute and without reference to Chevron principles, I win. That's your position? Yes. So that's why we say, Loper Bright was perspective. Here we're looking on its own court, maybe finding the board's definition persuasive under Skidmore, because the court did say Skidmore is still alive. So yes, but using the traditional tools of statutory construction, looking at the board's definition and saying, it's thorough, it's entitled to some persuasiveness, just like another court of appeals decision might be. And saying that yes, criminal negligence does fit within the federal ground of removability. A crime of child neglect is neglect of a child. Judge Newsom, as you wrote in your prior opinion in this case, it seems almost tautological to say that child neglect is negligent treatment of a child. And so adding that to the holding in Pierre that a substantial risk is subsumed in the federal ground of removability, we get to what the common sense answer is, that child neglect is child neglect. And so I'd like to also address... Why don't you help me with what 827.03 means in Florida? Tell me what the least culpable conduct is that's captured under that statute? Is the mens rea of criminal negligence? Does that include within its ambit recklessness, or is there something less that would satisfy and meet the bill? So I spent a lot of time on this in my first brief. So culpable negligence is not defined by the Florida legislature in the statute. It's unique to Florida. So the courts have defined it over the years. And it does seem like it's something more than just criminal negligence. The way the courts have defined it, the negligence that is so reckless and so wanton to the life or health of a child to be almost intentional. So I would say that at the very... The reason I raised it is I've read the same cases you have, and it struck me when I read those cases that the court appeared to be saying... Those courts appeared to be saying in the main criminal negligence, gross negligence, it's a little different than the mens rea that's required for recklessness. If you look at Medina v. State, culpable negligence means more than a failure to ordinary care for others. It must be gross and flagrant and committed with an utter disregard for the safety of others. And Jones, the court uses the same definition. It must be gross, it must be flagrant, but nowhere do they appear to say... And in fact, many of them say quite the opposite, that you don't need that mens rea, that knowledge mens rea that comes with recklessness, that there's something less will suffice for the statute here. And I'm just trying to find out whether recklessness is a necessary piece of every 827.03 prosecution in Florida. Does the least culpable conduct require recklessness? And it struck me looking at these cases that the answer is no. Some of them capture something beneath recklessness on the mens rea. I'm not talking about the actus rea, I'm just talking about the state of mind. Have I misread these cases? No, there's definitely some differing definitions. And I think we went back and forth on that in our first briefing. The majority of the cases seem to adhere to the jury instruction that Judge Middlebrooks read, that almost seems to put it on a sliding scale of either matching recklessness or somewhere falling in between recklessness and intentional. And the way the lower courts have treated the definition and upholding the convictions, it seems like it's something more serious. I take it you would agree that what binds me are not the jury instructions, but the decisional process by these intermediate appellate courts? Yes. And I couldn't conclude that the lesser included did or did not include recklessness simply by looking at the jury instructions. It might inform how the DCAs looked at it, but I'd have to look to the case law itself, right? Yes. And when I look to the case law, it seems to me that they're saying something other than recklessness might be enough for some conduct some of the time within one of the four iterations in 827.03. Have I misread that? I don't think so. Bear with me. If indeed it's true that the least culpable conduct encompasses a mens rea lower than recklessness, it's obviously more than negligence. It's characterized by the modifier gross or culpable. But whatever gross or culpable negligence means, we know there's a difference between recklessness and gross negligence in the criminal law. And one requires a mens rea that's greater than the other. And I'm just trying to find out what are the Florida courts trying to tell me? Can I look at the Florida law and find an answer and then try to make the match holding aside whether I'm bound by any prior law or not? You do have to look to the federal courts and the state courts to see the way they treat the mens rea and then try to match that to the federal definition. Would you agree that if your colleague is right, that 827.03 includes amongst the least culpable conduct a mens rea lower than recklessness, you lose this case? I disagree. Okay, tell me why. Because when you're you're matching the state's elements, the conviction under 827.03, you look at those elements and see whether they fit within the federal generic definition. Here we need the federal generic definition of a crime of child abuse, child neglect, or child abandonment. So we need to by large, overwhelmingly, the support under the text, the plain language, all the tools of statutory construction say that criminal negligence is sufficient. And so if criminal negligence is sufficient to support the ground of removability, then the Florida state's elements categorically fit within that. Okay, so we've zeroed in on where the dispute may be. You would concede that if federal law requires recklessness or more, you lose? If the court were to interpret the elements of the state statute to include criminal negligence and say that... I thought I heard you to concede that there's an awful lot of state law that says that. Right. So if the court were to hold that the federal Okay, so the case then from your perspective boils down to whether recklessness is the bare minimum in the federal law. Yes. And we would argue that recklessness is not the bare minimum because Congress included child neglect within the ground of removability. And so when you look at child neglect and all the dictionary definitions we provided, all the contemporaneous federal statutes, including the National Child Protection Act, which I would say is the most analogous here, all support inclusion of negligent, criminally negligent conduct within the ground of removability. And so the National Child Protection Act, which mirrors this, it looks at state convictions to determine whether there's a civil penalty. There it's whether you can be a caregiver. Here, the civil penalty is removal. They kind of match up. And Congress continuously defined child neglect to include negligent treatment of a child. Child neglect is neglect of a child. And so looking at the definitions and those contemporaneous statutes, all lead to the conclusion that criminal negligence is in the federal generic definition. And that's what this case boils down to. If the court holds that criminal negligence is included, there's not much of an argument to say that this Florida conviction does not fit within it. And I see my time is running out. So if there are no questions, we would ask the court to deny the petition for review. Okay. Very well. Thank you so much, Mr. Zimmer. You've got your three minutes. Thank you very much, Your Honor. I really want to just very quickly point the court to the top of page 1251 in Pierre, which actually says what the holding of Pierre was. And they said, we hold, we won, uphold the board's decisions as reasonable interpretations of the INA, comma, to the extent they apply to Pierre's case. That is the holding of the case. There is nothing in Pierre that says anything about this statute, other than the fact that the board's decision the statute's ambiguous, that the board's decision is reasonable. And those are just not relevant questions to answering a question that remains open before this court. Nowhere does Pierre uphold across the board, the agency's decision in Sorum. It's just not in there. Can I ask you just one question about that? Implicitly though, is the major premise of the reasoning of Pierre that like, first, you've got to like adopt an interpretation of the statute, then you've got to apply it to someone's case? Why isn't the first piece of that kind of necessary to the judgment? Because in all honesty, I think one of the problems with Chevron, which the Supreme Court pointed out in Loeb or Bright, is that you don't really have to do the first thing, right? Courts didn't adopt an interpretation of the statute. Well, we did adopt an interpretation. It's just that we adopted someone else's interpretation. But didn't we sort of like take it on as our own or no? I don't think that that's a fair way to read these pre-Chevron cases. I think they're saying that Chevron constrained the authority of federal courts to interpret the statute. They said, you are stuck with this. Now that you have to adopt it and embrace it, you're stuck with it. And you're not stuck with it anymore is sort of the simple answer. I mean, you may be stuck again with the fact that you upheld the decisions as reasonable to the extent they apply to Pierre's case, but you are not stuck with it any more than that. And what I really want to respond to is what I think is really the crux of the government's argument on the meaning of the statute, which is that the word neglect somehow implies negligence. And I think that's just flatly incorrect. The government says, look at the dictionaries. Well, look at the Garner Modern Legal Usage. Look at Black Seventh Edition. Both of those dictionaries in their definitions of neglect go out of their way to state exactly the opposite of what the government is saying. But neglect does not imply negligence. Neglect means the violation of a legal duty that can be willful. It can be negligent, not in the criminal sense, but it says nothing about mens rea. And if you look at the state neglect laws that were in effect at the time of Irira, almost all of the neglect laws had a mens rea that was not negligent. So I point the court to Indiana, Minnesota, Mississippi, Missouri, Nevada, Oklahoma, Vermont, Wisconsin. These states all had criminal laws that involved neglect of a child. Not one of them had a mens rea of negligence. In fact, the only state I have found, and there may be others, but the only state I have found in the entire country in 1996 that used the word neglect and that had a mens rea of negligence was Oregon. But most state child neglect laws had higher mens reas. And so this idea that the word neglect implies negligence is just flatly incorrect. And the government notably has no support for it at all. They just say it over and over again. And I see my time has expired, but I really think that it's pretty clear from the state criminal codes, the vast majority of which required something more than criminal negligence for non injurious conduct. Okay. Very well. Thank you both. Well argued on both sides. We appreciate your help. Court is adjourned.